## FRANK CLEAVER v. EBERSOLE AND GLASSCOCK.

Claimants Issue—Idem Sonans—Interpleader.

> Where a claimant by inter-pleading claims property attached in the name of M. D. Cord, as due him by assignment of claim from S. P. Cord, this is held not idem sonans, and the dismissal of the petition is proper.

Same—Re-opening Case, After Adjudication.

> After a cause has been fully adjudicated, money attached, paid over and the parties dismised out of court, no matter for what cause the delay, a claimant of the attached fund cannot be permitted to re-open the case for further adjudication.

APPEAL FROM NICHOLAS CIRCUIT COURT.

June 5, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellees having a judgment and return of no property on an execution against M. D. Cord attached a debt due him from John

W. Campbell, who by answer confessed the amount and offered to pay it; thereupon the court appointed a receiver to collect and loan it out which the receiver did, loaning it to the plaintiffs.

At the subsequent term of the court and on March 23, the court adjudged the amount against M. D. Cord by default ordered the receiver to pay the amount over to the appellees and credited M. D. Cord therewith,, cancelled the receiver's bond and dismissed the parties out of court.

On a subsequent day of the same terms Cleaver presented his affidavit and asked to file his answer in which he sets out that being the secretary of *S. P. Cord* the latter "assigned to him a *claim on James Man* for 35 hogs sold, amounting to $131.50, hence he asks that the above order be set aside and the fund adjudged to him.

By affidavit he explains why he has not sooner filed his answer, which is substantially, that about March 4th he applied to Kenady, an attorney, to watch the case, that he would go home and try and compromise it without a suit and if he failed he would write to him in two or three days to prepare his petition; that failing to settle the matter he wrote to said attorney in some three or four days informing him that S. P. Cord had employed N. H. Cord, an attorney, to attend to it; that said letter did not reach Kenady but that N. H. Cord prepared a petition and answer which was sworn to by the affiants March 2, and left the papers with S. P. Cord to take to court on its second day where N. H. Cord would meet him; that S. P. Cord did take the papers according to appointment but N. H. Cord being sick did not arrive until late in the evening of the third day and then paid no attention to the case, when S. P. Cord had returned home, and that the papers did not reach him until the 8th day of the term, when he took them to court but it had taken a few days recess, hence the delay until March 30th in making his motion.

The court having refused to set aside the order or permit the answer to be filed, Cleaver seeks a reversal.

The action of the court was proper for the following reasons:

1. Neither the answer, petition nor affidavit shows any connection between the claim attached and the one claimed by Cleaver; the one attached being due from Campbell to M. D. Cord, the one claimed by Cleaver being described as a debt due by Man to S. P. Cord.

2.   Because the case had been adjudicated, the money paid over and the parties dismissed out of the court, after which no matter for what cause the delay, a claimant of the attached fund can not be permitted by such proceedings to interfere.   See 257 Cin. Code only allows a claimant to present his petition setting out his claim to the attached fund and having it adjudicated in the attachment suit where he shall do so "before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, *or on any attached debt"* because the parties are then still in court and must take notice of such petition without process or answer but after the payment they are out of court and such proceedings are wholly inappropriate.

Wherefore, the judgment is *affirmed.*

*Kennedy, for appellant.*

*Ross, for appellees.*